# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARA SHAPIRO, on her own behalf and as nominee for injured depositors in her non-segregated attorney client trust account (the Iolta Account), | Case No. CV 18-9945 FMO (AGRx) |
| Plaintiff, | **ORDER RE: PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| CITIBANK, N.A., and DOES 1-50, and Nominal Defendants against whom no claims are made herein, Jaleh Rad and Ben Rad, | |
| Defendants. | |

Having reviewed and considered all the briefing filed with respect to plaintiff's Motion to Remand (Dkt. 10, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## BACKGROUND

On June 1, 2018, plaintiff Lara Shapiro ("plaintiff"), filed a Complaint (Dkt. 3-1, "Complaint") in the Los Angeles County Superior Court ("state court") against Citibank, N.A. ("defendant" or "Citibank"), Jaleh Rad and Ben Rad, (collectively "nominal defendants"), asserting state law claims for: (1) negligent misrepresentation; (2) negligence; (3) violation of the California Commercial Code § 4214; and (4) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.

Code §§ 17200, et seq. (See Dkt 3-1, Complaint at ¶¶ 22-32). This case arises from an alleged "fraud that was perpetrated on the unsegregated attorney client trust account (herein, the "IOLTA Account") maintained by Citibank" for the account of plaintiff, a licensed, practicing California attorney. (Id. at ¶¶ 1-2). Plaintiff asserts the nominal defendants were the depositors with an interest in the IOLTA Account, at the time the fraud was committed. (Id. at ¶ 3). On November 28, 2018, Citibank removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a), 1441(a) & (b). (See Dkt. 3, Notice of Removal ("NOR") at ¶ 5).

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there

is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]" Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted). In a case where the complaint does not clearly indicate the basis for removal, the 30-day window for the removal of cases to federal court on the basis of diversity jurisdiction starts running when the defendant receives a motion, order, or other paper putting them on notice that the case is removable. See 28 U.S.C. §1446(b)(3); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005); Bonner v. Fuji Photo Film, 461 F.Supp.2d 1112, 1115 (N.D. Cal. 2006).

**DISCUSSION**[1]

I. TIMELINESS OF REMOVAL.

Plaintiff contends that, although defendant has known plaintiff's home "address for years[,]" it waited to remove the action until defendant received discovery responses from plaintiff establishing her citizenship.[2] (See Dkt. 10, Motion at 2; Dkt. 1, NOR at ¶¶ 6, 10-11) (stating that Complaint does not include plaintiff's state of citizenship or domicile and that the case was removed within 30 days of receipt of plaintiff's interrogatories establishing her California citizenship). Plaintiff's contention is unpersuasive.

---

[1] As an initial matter, the court notes that plaintiff's Motion cites almost no case law in support of any of her contentions. (See, generally, Dkt. 10, Motion).

[2] Although whether the court has subject matter jurisdiction is a threshold issue, for purposes of clarity, the court will first address plaintiff's timeliness argument.

3

Plaintiff did not allege her residence or domicile in the Complaint. (See, generally, Dkt. 3-1, Complaint; see Dkt. 3, NOR at ¶¶ 6, 10; Dkt. 11, Defendant's [] Opposition to Plaintiff's Motion to Remand ("Opp.") at 4-5). Generally, the "first thirty-day requirement is triggered by defendant's receipt of an initial pleading that reveals a basis for removal." Harris, 425 F.3d at 694 (internal quotation marks omitted); see Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). However, since plaintiff failed to allege her state of citizenship or domicile in the Complaint, the basis for removal was not evident. See Harris, 425 F.3d at 694 ("If no ground for removal is evident in that pleading, the case is not removable at that stage.") (internal quotation marks omitted). Whether defendant knew plaintiff's address for years, as plaintiff contends, is irrelevant for purposes of removability. See id. ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry); see also Lovern 121 F.3d at 162 ("[W]e will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.").

Here, defendant removed the action within 30 days of receiving a "paper" that disclosed the parties' diversity of citizenship. Specifically, on or about October 2, 2018, defendant served its first set of special interrogatories on plaintiff, which were aimed at ascertaining her citizenship. (See Dkt. 12, Declaration of Tricia L. Legittino ("Legittino Decl.") at ¶ 2). On November 16, 2018, defendant's counsel received plaintiff's responses to the interrogatories and learned that plaintiff was a citizen of California. (See id. at ¶ 2 and Exh. 1 at 7, 8). Defendant removed the action on November 28, 2018, which is within 30 days after receiving of a copy of plaintiff's interrogatory responses. (Dkt. 3, NOR); see 28 U.S.C. § 1446(b)(1); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 877 (9th Cir. 2010) ("[A] plaintiff's response to [discovery] can constitute 'other paper' within the meaning of section 1446(b)[.]"); see, e.g., Lovern, 121 F.3d at 161 (notice of removal timely when filed within 30 days of receipt of plaintiff's answers to interrogatories establishing grounds for diversity jurisdiction). Thus, the court finds the removal was timely.

## II. DIVERSITY JURISDICTION.

A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity of citizenship must exist both at the time the state-court complaint is filed and the time removal is effected. Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (noting "core principle of federal removal jurisdiction on the basis of diversity – namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected"); Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., 2016 WL 6094084, *3 (C.D. Cal. 2016) ("For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal.").

Plaintiff argues that defendant has failed to meet its burden of establishing that the amount in controversy is met because the Complaint, "does not contain a monetary demand for a specific amount." (Dkt. 10, Motion at 2-3). However, the amount in controversy in this case is "facially apparent" from the allegations in the Complaint. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Plaintiff alleges that defendant "has illegally taken $258,900 plus a 65 dollar wire transfer fee from the Depositors to recoup losses caused entirely by Ms. Shapiro's justifiable reliance on the unequivocal representation made by Citibank's teller to Ms. Shapiro that [a] $450,000 dollar check had cleared[.]"[3] (Dkt. 3-1, Complaint at ¶ 17; see id. at ¶¶ 8, 11, 25, 28).

## III. WHETHER DEFENDANT WAS REQUIRED TO SERVE THE NOTICE OF REMOVAL ON NOMINAL DEFENDANTS.

Plaintiff contends that remand is warranted because Citibank did not serve the nominal defendants with the NOR. (Dkt. 10, Motion at 3). Generally, "all defendants in an action in state court must join in a petition for removal." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d

---

[3] Plaintiff does not challenge the diversity of the parties. (See, generally, Dkt. 10, Motion). In any event, the court finds that defendant met its burden of establishing complete diversity. (See Dkt. 3, NOR at ¶¶ 6-7, 9).

756, 762 (9th Cir. 2002). The "rule of unanimity," however, "does not apply to nominal, unknown or fraudulently joined parties." Id. Here, the Complaint asserts no claims against the nominal defendants, (see Dkt. 3-1, Complaint at Caption), and they have never appeared in this action. (See, generally, Dkt.). In any event, even if Citibank was required to serve the nominal defendants with the NOR, its failure to do so would not compel the court to remand the action since such failure is curable.[4] See, e.g., Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 (9th Cir. 2013) (rejecting plaintiff's objection to remand action based on defendant's failure to attach complaint to notice of removal).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion to Remand **(Document No. 10)** is **denied**.

Dated this 4th day of April, 2019.

/s/
Fernando M. Olguin
United States District Judge

---

[4] Plaintiff raised additional alleged defects with Citibank's removal, including that it failed to serve the court's Initial Standing Order. (See Dkt. 10, Motion at 4-5). The court declines to remand based on such "de minimis procedural defect[s.]" See Kuxhausen, 707 F.3d at 1142 (internal quotation marks omitted).